IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02588-LTB-KLM

KENDRICK SAMUELS,

     Plaintiff,

v.

JOHN L. DAVIS,
PATRICIA BALDWIN,
KERRI BARONI,
RICHARD FISHER,
BRADLEY JOHNSON,
KERRY BYNES,
THOMAS C. FISHER, M.D.,
CHRISTINE STURGEON, N.P.,
VALERIE EGLEY, R.N.,
BETTY KASPAR, R.N.,
AMY KAMMERZELL, R.N.,
MEGGAN EGLINTON,
JEFFREY HANSEN, and
NANCY DAVIS,

     Defendants.

_____

# ORDER

_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendants' **Motion to Stay Discovery, Stay Rule 26 Deadlines and Proceedings, and to Vacate the January 20, 2015 Scheduling Conference** [#16][1] (the "Motion").  Although Defendants indicate in the Motion that their

---

[1] "[#16]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

-1-

request is opposed, Plaintiff did not file a Response in opposition to the Motion. *See Motion* [#16] at 2. Defendants ask the Court to stay discovery in this case until after the pending Motion to Dismiss [#15] is resolved.[2] All Defendants in this action are identified in their personal capacities only, and each asserts a qualified immunity defense to Plaintiff's sole claim asserted under 42 U.S.C. § 1983 for the alleged violation of his rights under the Eighth Amendment. *See Compl.* [#1]. Thus, if granted, the Motion to Dismiss would dispose of the sole claim asserted against each Defendant.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98

---

[2] The Motion to Dismiss [#15], filed on December 1, 2014, is referred to the undersigned for recommendation [#28].

(1998).  However, an assertion of qualified immunity "is not a bar to all discovery."  *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, although provided with ample time to file a Response in opposition to the Motion, Plaintiff has not done so and thus has provided the Court with no basis on which to find that he will be prejudiced by entering a stay.  The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden.  The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted).  Here, the sole claim made in this case is subject to the qualified immunity defense, because Defendants are

government officials, Plaintiff only seeks damages, and the sole claim asserted against each Defendant is in his or her individual capacity only. *Compl.* [#1]. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#15] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#16] is **GRANTED**. All discovery is **stayed** pending resolution of Defendants' Motion to Dismiss [#15].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 20, 2015, at 10:30 a.m. is **VACATED**. It shall be reset, if necessary, after resolution of the Motion to Dismiss [#15].

DATED: January 14, 2015 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge