IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02588-LTB-KLM

KENDRICK SAMUELS,

      Plaintiff,

v.

JOHN L. DAVIS,
PATRICIA BALDWIN,
KERRI BARONI,
RICHARD FISHER,
BRADLEY JOHNSON,
KERRY BYNES,
THOMAS C. FISHER, M.D.,
CHRISTINE STURGEON, N.P.,
VALERIE EGLEY, R.N.,
BETTY KASPAR, R.N.,
AMY KAMMERZELL, R.N.,
MEGGAN EGLINTON,
JEFFREY HANSEN, and
NANCY DAVIS,

      Defendants.

_____

**AMENDED[1] ORDER**

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion to Stay Discovery, Stay**

**Rule 26 Deadlines and Proceedings, and to Vacate the January 20, 2015 Scheduling**

_____

[1] This Amended Order amends and supercedes Order [#36].

-1-

Conference [#16][2] (the "Motion").  Plaintiff filed an Amended Response [#38] in opposition

to the Motion.  Defendants ask the Court to stay discovery in this case until after the

pending Motion to Dismiss [#15] is resolved.[3]  All Defendants in this action are identified

in their personal capacities only, and each asserts a qualified immunity defense to Plaintiff's

sole claim asserted under 42 U.S.C. § 1983 for the alleged violation of his rights under the

Eighth Amendment.  *See Compl.* [#1].  Thus, if granted, the Motion to Dismiss would

dispose of the sole claim asserted against each Defendant.

Questions of jurisdiction and immunity should be resolved at the earliest stages of

litigation, so as to conserve the time and resources of the Court and the parties.  *See*

*Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be

particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v.*

*Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery

pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531,

1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of

resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,'

but also to avoid the burdens of 'such pretrial matters as discovery . . . .'"  *Behrens*, 516

U.S. at 308 (citation omitted).  The Court is obligated to "exercise its discretion so that

officials [properly asserting qualified immunity] are not subjected to unnecessary and

---

[2]  "[#16]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[3]  The Motion to Dismiss [#15], filed on December 1, 2014, is referred to the undersigned for recommendation [#28].

burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff provides a thoughtful, lengthy discussion regarding the fairness of the *String Cheese Incident* factors and why Plaintiff believes those factors automatically tend to weigh more heavily in favor of staying a case. *Response* [#38] at 2-6. Although Plaintiff discusses several aspects of these factors, Plaintiff believes the greatest problem with *String Cheese Incident* is as follows:

> A fundamental failing of the String Cheese analysis is that it does not include any "threshold" review of the applicable law related to the second prong of a qualified immunity analysis to determine if the type of violation at issue is one that "clearly established" law would recognize. A *String Cheese* analysis does not consider the strength of a motion to dismiss, at all.

*Id.* at 5. Plaintiff appears to suggest that a sixth factor should be added to the *String Cheese Incident* analysis when the stay is predicated on a pending dispositive motion. This

factor would be akin to the first element examined in cases where preliminary injunctions are sought, i.e., examination of whether Plaintiff has a likelihood of success on the merits. *See, e.g., Assoc. of Christian Schs. Int'l v. Burwell*, __ F. Supp. 3d __, __, 2014 WL6704310, at *5 (D. Colo. Nov. 26, 2014) (listing the elements a party must meet to obtain a preliminary injunction). But the Court is not inclined to create new law in this regard. In addition, as a practical matter, examining the merits of Plaintiff's claims on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay. Moreover, that approach is simply not feasible in light of the Court's workload.

Turning to the five traditional *String Cheese Incident* factors, the Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff states:

> Plaintiff has a significant interest in the just, speedy, and fair resolution of his case as prescribed by Fed.R.Civ.P. Rule 1. This case is now over two years old.[4] There is a continuing risk of evidence loss as the memories of the witnesses fade. There is an increased risk of evidence loss because the witnesses in this case are primarily detention officers who routinely deal with hundreds, perhaps thousands, of inmates in similar circumstances every year. Moreover, Plaintiff has an interest in the speedy resolution of his case because he suffers from ongoing medical complications resulting from the incident that continue to cause hardship and expensive.

*Response* [#38] at 6. Despite Plaintiff's error about the age of the case, the Court gives Plaintiff the benefit of the doubt with respect to his interest in proceeding. Based on the considerations he expresses, the Court finds that the first *String Cheese Incident* factor

---

[4] The case was filed on September 18, 2014. *Compl.* [#1]. Therefore, it is less than *four months* old.

weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden.  The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities.  *Rome*, 225 F.R.D. at 643 (citations omitted).  Here, the sole claim made in this case is subject to the qualified immunity defense, because Defendants are government officials, Plaintiff only seeks damages, and the sole claim asserted against each Defendant is in his or her individual capacity only. *Compl.* [#1].  Based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, Plaintiff asserts that:

> The interests of judicial economy are met by allowing the case to move forward and instituting reasonable deadlines to track its progress. The longer the case remains in a stagnant state, the longer the case will remain on the Court's docket and the more difficult discovery and trial will likely be with witnesses who have trouble recalling the incident.

*Response* [#38] at 7.  This may be partially true.  But if the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court.  In those circumstances, scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion.  Thus, it is certainly more convenient for the Court to stay discovery until

it is clear that the case will proceed.  *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Moreover, the effect that a stay will have on the difficulty of discovery and trial is speculative, at best.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts:

> Furthermore, there is a significant public interest in the speedy resolution of Section 1983 claims because the prosecution of such claims often shed[s] light on law enforcement misconduct that may, then, be recognized by the community and corrected by appropriate discipline or police procedure.  The public interest is supported by a system in which civil rights claims may be allowed to proceed in a timely manner so that future plaintiffs are not deterred by the number of years it takes to seek justice.

*Response* [#38] at 7 (citing *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. 2007)).  Defendant asserts that "the public's only interest in this case is for its efficient and just resolution.  It is in the public's best interest to avoid judicial waste and to avoid unnecessary waste and expense by the parties."  *Motion* [#16] at 9.

The Court is not persuaded that stays in section 1983 cases are contrary to the public interest simply because they may delay appropriate discipline or procedural reform

or deter future plaintiffs.  The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time.  Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances.  Thus, the fifth *String Cheese Incident* factor  weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#15] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#16] is **GRANTED**.  All discovery is **stayed** pending resolution of Defendants' Motion to Dismiss [#15].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 20, 2015, at 10:30 a.m. is **VACATED**.  It shall be reset, if necessary, after resolution of the Motion to Dismiss [#15].

DATED: January 16, 2015 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge